IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

NICOLAS ROBERT MUNIZ,

    Petitioner,

v.                                                       No. 5:19-cv-01133-KWR-SMV
                                                     No. 5:17-cr-02491-KWR-SMV

UNITED STATES OF AMERICA,

    Respondent.

**MEMORANDUM OPINION AND ORDER**

**THIS MATTER** comes before the Court on Petitioner Nicholas Robert Muniz's 28 U.S.C. § 2255 habeas motion (CR Doc. 85; CV Doc. 1) (Motion). Muniz asks the Court to vacate his federal convictions based on ineffective assistance by counsel and new Supreme Court law. The Court previously directed Muniz to show cause why his Motion should not be dismissed for failure to file within the one-year statute of limitations. Because Muniz did not respond and having otherwise confirmed the time-bar based on the record, the Court will dismiss the Motion with prejudice.

BACKGROUND

In 2018, Muniz pled guilty to possession with intent to distribute 50 grams or more of methamphetamine (21 U.S.C. § 841(b)(1)(B)) and possessing a firearm as a felon/in furtherance of a drug trafficking crime (18 U.S.C. §§ 922(g)(1) and 924(c)). (CR Doc. 57). The Court (Hon. Kenneth Gonzales) sentenced him to 120 months imprisonment. (CR Doc. 81). Judgment on the conviction and sentence was entered on June 20, 2018. *Id.* Muniz did not appeal, in accordance with the waiver in the plea agreement. On December 2, 2019, Muniz filed the instant § 2255 proceeding. (CR Doc. 85). He alleges counsel was ineffective for failing to investigate, explain

the consequences of the plea, and object to certain information at sentencing. Construed liberally, the § 2255 Motion also appears to allege Muniz did not commit the crime and that the § 924(c) conviction is invalid under *U.S. v. Davis*, 139 S. Ct. 2319 (2019) and *Johnson v. United States*, 135 S. Ct. 2551 (2015).

By a Memorandum Opinion and Order entered July 16, 2022, the Court screened the Motion under Habeas Rule 4 and determined it was plainly time-barred. (CV Doc. 4) (Screening Ruling); *see also Day v. McDonough*, 547 U.S. 198, 209 (2006) (As part of the initial review process, "district courts are permitted ... to consider, *sua sponte*, the timeliness of a … habeas petition."). The Court directed Muniz to show cause why the case should not be dismissed. The response deadline was August 15, 2022. Muniz was warned that the failure to timely comply may result in dismissal without further notice. Muniz did not show cause or otherwise respond to the Screening Ruling. The Court will reiterate the grounds for dismissal before considering whether to issue a certificate of appealability under Habeas Corpus Rule 11.

## DISCUSSION

Section 2255 motions must generally be filed within one year after the defendant's conviction becomes final. *See* 28 U.S.C. § 2255(f). The one-year limitation period can be extended where:

(1) The inmate was prevented from making a motion by "governmental action in violation of the Constitution or laws of the United States...." § 2255(f)(2);

(2) The motion is based on a "right [that] has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review." § 2255(f)(3); or

(3) The inmate could not have discovered "the facts supporting the claim … through the

exercise of due diligence." § 2255(f)(4).

Equitable tolling may also available "when an inmate diligently pursues his claims and demonstrates that the failure to timely file was caused by extraordinary circumstances beyond his [or her] control." *Marsh v. Soares,* 223 F.3d 1217, 1220 (10th Cir. 2000).

As noted above, the Judgment was entered June 20, 2018. It became final no later than July 5, 2018, after expiration of the 14-day appeal period. *See United States v. Burch*, 202 F.3d 1274, 1277 (10th Cir. 2000) (a conviction is final when the time for filing a direct appeal expires); Fed. R. App. P. 4(b)(1)(A) (defendant's notice of appeal in a criminal case must be filed within fourteen days after the entry of judgment). The limitation period expired a year later on July 5, 2019, and Muniz's § 2255 Motion filed in December of 2019 is time-barred.

The Court explained these principles in its Screening Ruling and set forth the legal standards for statutory and equitable tolling. (CV Doc. 4). The Court also explained Muniz is not entitled to the benefit of a later one-year period under *Davis* or *Johnson*. His Motion states "it was decided [in 2019] that th[e § 924(c)(3)(B) conviction] can no longer be an offense" and that "a vague law is no law at all." (CV Doc. 1 at 16). *Davis* found § 924(c)(3)(B)'s definition of "crime of violence" to be unconstitutionally vague. 139 S. Ct. at 2326. *Davis* is an extension of *Johnson*, which invalidated an identical residual clause in the Armed Career Criminal Act (18 U.S.C. § 924(e)). As previously noted, Muniz was not convicted of using a firearm during a crime of violence. He used a firearm during a drug trafficking crime. *See U.S. v. Hopper,* No. 19-2110 (10th Cir. Oct. 31, 2019) (unpublished order) (*Davis* only provides relief from convictions "for using … a firearm during … a crime of violence"); *U.S.* v. *Nietfeld*, 2019 WL 7116089, at *2 (D. Kan. Dec. 23, 2019) (*Davis* has no impact on "possession of a firearm in furtherance of a drug

trafficking crime"). Section 2255(f)(2), which addresses the limitation period for raising a claim based on new Supreme Court law, does not apply to this case.

Muniz's Motion also alleges "there is no proof that [he] was in actual possession of the gun." CV Doc. 1 at 17. This is statement is likely not enough to raise a claim of actual innocence, but in any event, Muniz has not met the relevant legal standard. *See Childers v. Crow*, 1 F.4th 792, 804 (10th Cir. 2021) (Seymour, Senior. J, dissenting) (disagreeing with majority as to whether petitioner raised an actual innocence claim by alleging the state "convicted him of charges that do not apply to him"). "[A]ctual innocence, if proved, serves as a gateway through which a petitioner may pass whether the impediment is a procedural bar [or] ... expiration of the statute of limitations." *McQuiggin v. Perkins*, 569 U.S. 383, 386 (2013). "[T]enable actual-innocence gateway pleas are rare: 'a petitioner does not meet the threshold requirement unless he persuades the district court that, in light of [ ] new evidence, no juror, acting reasonably, would have voted to find him guilty beyond a reasonable doubt.'" *Id.* (quoting *Schlup v. Delo*, 513 U.S. 298, 329 (1995)). Muniz does not proffer any new, credible evidence showing he is factually innocent of the crimes. Thus, the actual innocence gateway exception cannot save the untimely Motion.

For these reasons, and because Muniz failed to respond to the Screening Ruling or demonstrate grounds for tolling, the Court will dismiss the § 2255 Motion with prejudice. When issuing a dispositive habeas ruling, the Court must consider whether to issue or deny a certificate of appealability (COA) under Habeas Corpus Rule 11. A COA may only issue where "reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *See Slack v. McDaniel*, 529 U.S. 473, 484 (2000). The Court finds the time-bar is not reasonably debatable and will deny a COA.

**IT IS ORDERED** that Petitioner Nicholas Robert Muniz's Motion to Vacate Sentence Under 28 U.S.C. § 2255 (**CR Doc. 85; CV Doc. 1**) is **DISMISSED WITH PREJUDICE**; a certificate of appealability is **DENIED**; and the Court **WILL ENTER** a separate judgment closing the civil case.

**IT IS SO ORDERED.**

_____
**KEA W. RIGGS**
**UNITED STATES DISTRICT JUDGE**